UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-96-FDW
(3:04-cr-61-FDW-1)

| | |
|---|---|
| REDDIE LEE DUBOSE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1). Petitioner is represented by Ross Richardson of the Federal Defenders of Western North Carolina.

I.   **BACKGROUND**

On September 29, 2005, the Grand Jury for the Western District of North Carolina charged Petitioner Reddie Lee DuBose in a superseding bill of indictment with four counts of possession with intent to distribute crack cocaine, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2; one count of conspiracy with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a); and one count of possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). (Criminal Case No. 3:04-cr-61, Doc. No. 29: Superseding Indictment). Following Petitioner's original indictment, the Government filed an information, in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek enhanced penalties under the

1

Controlled Substances Act based on Petitioner's prior conviction for a drug-trafficking offense. (Id., Doc. No. 3: Information). At the time of his arrest, Petitioner had previously been convicted in the North Carolina Superior Court for Union County of possession with intent to sell or deliver cocaine, a Class H felony, and possession with intent to sell or deliver marijuana, a Class I felony. (Doc. No. 17-1). At the time of his state court convictions, Petitioner had a prior record level of II and, therefore, faced a maximum sentence of ten months in prison under the North Carolina Structured Sentencing Act. (Id.).

On May 3, 2006, Petitioner pled guilty, pursuant to a written plea agreement, to two counts of possession with intent to distribute crack cocaine. (Criminal Case No. 3:04-cr-61, Doc. No. 41: Plea Agreement; Doc. No. 44: Acceptance and Entry of Guilty Plea). In exchange, the Government agreed to dismiss the remaining counts. (Id.). In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating a guidelines range of 188 to 235 months in prison, based on a total offense level of 32 and a criminal history category of V. See (Doc. No. 17-2 at ¶ 67). The probation officer noted, however, that Petitioner faced a statutory, mandatory minimum sentence of 240 months in prison in light of the Government's Section 851 notice. (Id. at ¶ 66). Consistent with the presentence report, this Court sentenced Petitioner to 240 months in prison, entering its judgment on April 25, 2007. (Criminal Case No. 3:04-cr-61, Doc. 52: Judgment). Petitioner did not appeal.

On February 6, 2012, Petitioner placed the instant motion to vacate, set aside, or correct sentence in the prison mailing system, and it was stamp-filed in this Court on February 13, 2012. (Doc. No. 1). In the motion to vacate, Petitioner asserts that his sentence was improperly enhanced based on a prior conviction that no longer qualifies as a prior felony offense in light of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011).

2

**II.     STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. Id. The Court must then review the Government's answer and motion for summary judgment and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a). The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.    DISCUSSION**

Ordinarily, a Section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Defendant's Section 2255 motion was filed more than one year after the judgment against him became final, and it is therefore untimely. The Government has, however, waived the one-year limitations period, and the Government states that it concedes that Petitioner is entitled to be resentenced without application of the 240-month minimum sentence.[1]

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is

---

[1] Although the Government does not state as such in its Response, it also appears that the Government is waiving its right to enforce Petitioner's waiver, in the written plea agreement, of his right to challenge his conviction and sentence based on any grounds other than ineffective assistance of counsel, prosecutorial misconduct, or on the basis that one or more findings on guidelines issues were inconsistent with the explicit stipulations contained in the plea agreement. See (Criminal Case No. 3:04-cr-61, Doc. No. 41 at 5).

3

punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act. Moreover, the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. 2013).

As Respondent notes, this Court enhanced Petitioner's sentence based on a prior state court drug-trafficking conviction for which Petitioner could not have received more than one year in prison under the North Carolina Structured Sentencing Act. Respondent states that it concedes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Petitioner no longer has a qualifying predicate felony under Simmons. Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Respondent asserts that,

4

here, Petitioner's otherwise applicable Guidelines range was well below the 240-month sentence Petitioner received for his conviction under the Controlled Substances Act. Respondent further states that because the application of that mandatory minimum deprived the Court of discretion to sentence Petitioner to a term of less than 240 months, the 240-month minimum was a violation of the Due Process Clause as established in Hicks. Respondent has, therefore, declined to assert the one-year statute of limitations so Petitioner may be resentenced without consideration of the 240-month mandatory minimum sentence applied by this Court in sentencing Petitioner before Simmons was decided.

This Court finds that because Respondent has expressly waived the one-year limitations period, and has requested that this Court re-sentence Petitioner, this Court will grant the motion to vacate as to Petitioner's Simmons claim. Petitioner shall be re-sentenced without application of the 240-month mandatory minimum.

### IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2) Petitioner shall be re-sentenced in accordance with this Order;

(3) The Clerk of Court will direct the United States Marshall's Service and the United States Bureau of Prisons to transfer the Defendant back to the Western District of North Carolina for re-sentencing;

(4) The United States Probation Office for the Western District of North Carolina shall prepare a supplemental presentence report for resentencing;

and,

(5) The Clerk of Court will certify a copy of this Order to the United States Marshals Service, the United States Bureau of Prisons, and the United States Probation Office.

Signed: October 18, 2013

Frank D. Whitney
Chief United States District Judge